UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ALANA S. PHILLIPS                                                                                               PLAINTIFF

v.                                              No. 2:22-cv-2181

DR. CARLOS ROCHA; MICHAEL MYERS;
LEON PHILPOT; PAULA BROTHERTON;
JOHN MADDOX; PHILLIP HENSLEY; and
DAVID GILBERT                                                                                              DEFENDANTS

## OPINION AND ORDER

Before the Court are Plaintiff Alana S. Phillips's motion for permission to file late response (Doc. 16) and motion to strike (Doc. 18). Ms. Phillips is proceeding *pro se* in this matter. Both motions appear to be based on misunderstandings about existing filings in this case, and about what the Federal Rules of Civil Procedure require. For the reasons given below, both motions will be denied.

Ms. Phillips filed her complaint (Doc. 1) on November 30, 2022, and the defendants filed their amended[1] answer (Doc. 11) on December 20, 2022. Twenty days later, on January 9, 2023, Ms. Phillips filed a document styled as a "memorandum in response to" the defendants' answer. *See* Doc. 15. In this memorandum, Ms. Phillips states that the defendants "filed an amended answer as well as a motion to dismiss." *Id.* at ¶ 3. She then offers arguments as to why she believes the various defenses asserted in the defendants' amended answer should be rejected. *See id.* at ¶ 6 *et seq*.

---

[1] The defendants filed their original answer (Doc. 9) on December 20, 2022, and then later that same day filed an amended answer (Doc. 11) which appears to be identical to their original answer except for the inclusion of an additional paragraph at ¶ 185 asserting certain defenses which were not in their original answer. The amended answer at Doc. 11 is thus defendants' operative pleading.

1

Ms. Phillips's memorandum seems grounded in a couple of misconceptions. First, the defendants have not filed a motion to dismiss. Their amended answer does assert in several places that her complaint should be dismissed, *see, e.g.*, Doc. 11, ¶¶ 184–85 and pp. 28–29, but these are simply assertions of various defenses. They are not motions requiring any response from Ms. Phillips or any action from the Court; under our Local Rules, motions to dismiss and briefs in support of them must be filed in separate documents. *See* Local Rule 7.2(a). Second, the Federal Rules do not permit the filing of pleadings in response to an answer absent specific authorization from the Court. *See* Fed. R. Civ. P. 7(a) (allowing "a reply to an answer" "only" "if the court orders one"). Here, the Court has not entered any order directing or permitting Ms. Phillips to file a reply to the defendants' amended answer, and it does not intend to do so. The purpose of pleadings such as complaints and answers is simply for the parties to put each other on notice of what the claims and issues in the case will be—not to offer extended legal arguments for or against each other's respective positions. *See, e.g.*, *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (observing that the purpose of a complaint is to give notice, and that its sufficiency is determined by the facts alleged within it, "not the legal theories of recovery or legal conclusions identified therein"); *see also Washington v. Diaz*, 2022 WL 11321101, at *2 (E.D. Cal. Oct. 19, 2022) ("complaints should not contain preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like") (citing *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996)).

One day after filing her memorandum in response to the defendants' amended answer, Ms. Phillips filed a motion (Doc. 16) for permission to file a late response in opposition to the defendants' amended answer. In this motion, Ms. Phillips explains that her previous memorandum was filed 20 days after the defendants' amended answer was filed, but that she subsequently

realized that her deadline for filing it was actually 14 days rather than 20. Accordingly, she asks the Court to extend the deadline and deem her memorandum timely filed.

This motion is also based on several misconceptions. First, as already described above, Ms. Phillips's memorandum was never authorized by this Court or by any applicable rules, so it is an improper filing regardless of any deadline. Second, even if the Court had authorized the filing of a reply to the defendants' amended answer, the deadline for filing it would be "21 days after being served with an order to reply, unless the order specifies a different time," Fed. R. Civ. P. 12(a)(1)(C)—not the 14-day response deadline that applies to ordinary motions under our Local Rules. *See* Local Rule 7.2(b).

Simultaneously with the filing of her motion for extension of time, Ms. Phillips filed her memorandum in response to the defendants' amended answer a second time.[2] *See* Doc. 17. Then, one day later, Ms. Phillips filed a motion (Doc. 18) to strike her earlier-filed memorandum, along with a brief in support explaining that when she filed her later memorandum she mistakenly believed that her earlier one had not yet been accepted for filing. *See* Doc. 19, ¶¶ 3–7. Having belatedly realized her mistake after reviewing the docket, Ms. Phillips asks that the later-filed memorandum be made her operative filing. *See id.* at ¶¶ 8–9.

The Court is not going to grant either of Ms. Phillips's pending motions, because the filing she wishes to make is not proper in the first place for the reasons stated above. Instead, the Court will strike both memoranda that Ms. Phillips has attempted to file in response to the defendants' amended answer.

---

[2] The two documents appear to be nearly identical, except that the second filing contains some additional discussion of whether a jury trial is appropriate in this case. *See* Doc. 17, ¶¶ 31–32.

IT IS THEREFORE ORDERED that Plaintiff Alana S. Phillips's motion for permission to file late response (Doc. 16) and motion to strike (Doc. 18) are both DENIED. The Clerk of Court is DIRECTED to STRIKE Docs. 15 and 17.

IT IS SO ORDERED this 12th day of January, 2023.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE