UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ALANA S. PHILLIPS                                                                                        PLAINTIFF

v.                                              No. 2:22-CV-02181

DR. CARLOS ROCHA; MICHAEL MYERS;
LEON PHILPOT; PAULA BROTHERTON;
JOHN MADDOW; PHILLIP HENSLEY;
and DAVID GILBERT                                                                                    DEFENDANTS

## ORDER

Before the Court is Plaintiff Alana Phillips' motion to compel (Doc. 40). Defendants responded in opposition (Doc. 42). For the reasons explained below, the motion will be DENIED.

Ms. Phillips sued Defendants, who are the Mena Regional Health System Hospital Commission Members, bringing a host of claims related to the Mena Regional Health Center's mask policy during the COVID-19 pandemic. (Doc. 36, ¶ 22). Ms. Phillips alleged she visited Mena Regional Health Center on September 8th, 2022, to meet her newborn grandson. *Id.* ¶¶ 18, 20. Ms. Phillips' complaint further explained that she refused to wear a mask, she believes a woman at the front desk took her temperature without her permission, and she eventually left the hospital after speaking with police officers. *Id.* ¶¶ 23, 26, 40, 45.

This motion relates to two requests for production Ms. Phillips served on Defendants. First, Ms. Phillips asks the Court to compel Defendants to produce "materials showing the financial status of the Mena Regional Hospital in the last five years, to include a balance sheet, income statement, statement of changes in equity, and cash flow statement or equivalent documents." (Doc. 40, p. 3). Second, she asks the Court to compel production of "materials maintained at the hospital entrances over the past five years to log or otherwise record information of all persons in any capacity, whether ingoing or outgoing." *Id.* Defendants objected to both requests based on

1

relevance, and to the second because it "invades the privacy of individuals who have no connection to this case, and requests information that could reasonably be protected by the Health Insurance Portability and Accountability Act of 1996." *Id.*

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Importantly, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Federal district courts are vested with very wide discretion in determining the scope of discovery. *See, e.g.*, *Gov't of Ghana v. ProEnergy Servs., LLC*, 677 F.3d 340, 344 (8th Cir. 2012) (observing that "appellate review of a district court's discovery rulings is both narrow and deferential," and that the Eighth Circuit "will not reverse a district court's discovery ruling absent a gross abuse of discretion resulting in fundamental unfairness in the trial of the case" (internal alterations and quotation marks omitted)).

The Court will not compel the production of financial information because the information is not relevant to Ms. Phillips' claims. Ms. Phillips claims the financial information is relevant because the "requested documents speak to motive." (Doc. 40, p. 8). Ms. Phillips further argues that juries can assess punitive damages in section 1983 cases when a defendant's conduct involves reckless or callous indifference to a plaintiff's federally protected rights. *Id.* (citing *Smith v. Wade*, 461 U.S. 30 (1983)). The Court cannot see how Defendants' financial information is relevant to the hospital's masking policies or their motive for implementing the policies. Moreover, Defendants state they have produced some financial information to Ms. Phillips. (Doc. 42, pp. 10–11). Ms. Phillips did not address if the discovery she already received is sufficient. Because Ms. Phillips has not shown why Defendants' financial information is relevant, the Court will not compel production of five years of documents about Defendants' financial status.

The Court will also not compel the production of the hospital screening logs because they are not relevant to Ms. Phillips' claims. First, Defendants explained that they have already produced a redacted page from the screening log at the time she visited the hospital, and a blank screening log. (Doc. 42, p. 12). Second, Ms. Phillips seeks the logs "to either confirm or rule out her allegation that the hospital obtained her temperature without her consent." (Doc. 40, p. 9). Defendants explained in their initial objection that Ms. Phillips' name did not appear on any of their screening logs. (Doc. 40, p. 3). Defendants reiterated this in their response to the motion. (Doc. 42, p. 12). Therefore, Ms. Phillips has the answer to her question. The Court cannot see how producing any other screening logs would be relevant to the question of whether the hospital took her temperature. The Court will not compel production of any additional screening logs.

Finally, Ms. Phillips mentions, but does not specifically request, relief related to the deletion of a surveillance video under the hospital's record retention policy. In any event, Ms. Phillips is not entitled to relief because she admits she "currently has no evidence the deletion was in 'bad faith.'" (Doc. 40, p. 5). Ms. Phillips has not shown bad faith or prejudice, which are both prerequisites for any sanction related to destruction of evidence. *See Stevenson v. Union Pacific R.R. Co.*, 354 F.3d 739, 746–748 (8th Cir. 2004). The Court will not grant any relief related to the deletion of videos.

IT IS THEREFORE ORDERED that Plaintiff Alana Phillips' motion (Doc. 40) to compel is DENIED.

IT IS SO ORDERED this 16th day of August, 2023.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE