UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ALANA S. PHILLIPS                                                                                    PLAINTIFF

v.                                          No. 2:22-cv-2181

DR. CARLOS ROCHA; MICHAEL MYERS;
LEON PHILPOT; PAULA BROTHERTON;
JOHN MADDOW; PHILLIP HENSLEY;
and DAVID GILBERT                                                                               DEFENDANTS

## OPINION AND ORDER

Before the Court are the motion for summary judgment (Doc. 38), brief in support (Doc. 39), and statement of undisputed material facts (Doc. 41) filed by Defendants Dr. Carlos Rocha, Michael Myers, Leon Philpot, Paula Brotherton, John Maddow, Phillip Hensley, and David Gilbert, in their capacities as members of the Mena Regional Health System Hospital Commission (collectively, with the Mena Regional Health System, referred to as "Mena Regional" hereinafter). Plaintiff Alana S. Phillips filed a response (Doc. 44) in opposition to Mena Regional's motion, along with a statement of genuine disputes (Doc. 45). Mena Regional then filed a reply (Doc. 46). For the reasons given below, Mena Regional's motion will be GRANTED.

On September 8, 2022, Ms. Phillips went to visit her daughter, Taylor Moran, at Mena Regional, where Ms. Moran had given birth to a baby earlier that morning. *See* Doc. 38-3, p. 5 (internally numbered pp. 65:3–65:24). At that time, Mena Regional had in place a three-pronged visitation policy which limited the number of hospital visitors, screened them for fever by taking their temperature, and required them to wear masks. *See* Doc. 38-2, ¶ 4. The purpose of this policy was to protect hospital employees, patients, and visitors from COVID-19. *See id.* at ¶ 5. Ms. Phillips informed the person working the front desk, as well as other hospital employees who subsequently interacted with her, that she would not wear a mask and would not consent to have

1

her temperature taken. *See* Doc. 38-3, pp. 9–11, 16–18 (internally numbered pp. 69:14–71:11, 76:20–78:4). Accordingly, Ms. Phillips was refused access to her daughter's hospital room. *See id.* at 23–24 (internally numbered pp. 83:11–84:6). Ms. Phillips eventually decided to leave the hospital, but not before the police were called. *See id.* at 24–28 (internally numbered pp. 84:7–88:9). Although the police spoke with Ms. Phillips before she left, she was never arrested or detained and she ultimately left the building of her own volition. *See id.* at 28 (internally numbered pp. 88:9–88:25).

On November 30, 2022, Ms. Phillips filed this lawsuit against Mena Regional. Her operative complaint (Doc. 36) brings 7 counts, which the Court will simply recite as they are described in Ms. Phillips's pleading: (1) "Substantive Due Process—No Informed Consent Required for Devices or Drugs the DHHS Secretary Deems are Minimal Risk (Fifth and Fourteenth Amendments, U.S. Constitution; Article 2 § 21 Arkansas Constitution)"; (2) "Privacy (Fourth Amendment to the U.S. Constitution and Article 2, § 15 of the Arkansas Constitution)"; (3) "Public Accommodation (42 U.S.C. § 2000a, Ark. Code § 16-123-107)"; (4) "Substantive Due Process (Violation of 42 U.S.C. § 1983; Fifth and Fourteenth Amendments, U.S. Constitution; Article 2 § 21 Arkansas Constitution)"; (5) "Equal Protection (Fourteenth Amendments [sic], U.S. Constitution)"; (6) "Implied Private Right of Action 21 U.S.C. § 360BBB-3"; and (7) "Freedom of Religion and Expression," the last of which Ms. Phillips appears to predicate on her "God-given right to breath [sic] as God intended," as guaranteed by "the First Amendment, Ninth, and Fourteenth Amendments." *See* Doc. 36, ¶ 200, and *generally* ¶¶ 139–202. Essentially, Ms. Phillips contends that Mena Regional violated various federal and state statutes and constitutional provisions by insisting that she wear a mask in order to remain in the hospital, and—possibly—by taking her temperature without her consent. (Ms. Phillips believes her temperature was taken

2

remotely when she walked past a machine near the front entrance, but concedes she does not actually know whether her temperature was taken at all.) *See* Doc. 38-3, pp. 11–14 (internally numbered 71:12–72:21, 73:22–74:20).

Mena Regional has moved for summary judgment on all of Ms. Phillips's claims. On a motion for summary judgment, the Court views the record in the light most favorable to the nonmoving party, grants all reasonable factual inferences in the nonmovant's favor, and only grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a); *Haggenmiller v. ABM Parking Servs., Inc.*, 837 F.3d 879, 884 (8th Cir. 2016). Facts are material when they can "affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes are genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "While the burden of demonstrating the absence of any genuine issue of material fact rests on the movant, a nonmovant may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial." *Haggenmiller*, 837 F.3d at 884.

Even viewing the evidence in the light most favorable to Ms. Phillips, her claims are obviously frivolous. Mena Hospital "unquestionably" had a "compelling interest" in "[s]temming the spread of COVID-19" during a global pandemic. *See Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020). Requiring visitors to wear masks and have their temperatures taken was a minimal intrusion on visitors' privacy and convenience that was narrowly tailored to serve this compelling interest. And Ms. Phillips has produced no evidence that the policy was selectively applied against her on the basis of her religion or her status as a member of any protected class. So even assuming for the sake of argument that the most stringent constitutional

3

tests apply here, no violation of either the United States or Arkansas Constitutions, nor of any federal or state anti-discrimination statute, was committed against her.  *See id.* (restrictions satisfy strict scrutiny only if they are narrowly tailored to serve a compelling state interest); *Riley v. California*, 573 U.S. 373, 385 (2014) (degree of intrusion balanced against need for promotion of legitimate governmental interests when evaluating constitutionality of warrantless searches); *see also Ratliff v. City of Shannon Hills*, 52 F. Supp. 3d 904, 914 (E.D. Ark. 2014) (citing *Mullinax v. State*, 327 Ark. 41, 938 S.W.2d 801 (1997)) (same analysis governs both federal and Arkansas claims for violations of constitution or civil rights statutes).  Ms. Phillips also has no viable claims under Arkansas common law because she has suffered no damages.  *See Coombs v. J.B. Hunt Transp., Inc.* 2012 Ark. App. 24, at *4–*5, 388 S.W.3d 456, 460–61 (damages an essential element of invasion-of-privacy tort for intrusion upon seclusion).  She endured no verbal abuse, *see* Doc. 38-3, pp. 17, 28 (internally numbered 77:12–77:13, 88:10–88:25), much less any physical or economic harm.  Finally, Ms. Phillips lacks standing to challenge Mena Regional's masking and screening policy under 21 U.S.C. § 360bbb-3, because the Federal Food, Drug, and Cosmetic Act (of which it is a part) expressly precludes a private right of action to enforce any of its provisions. *See* 21 U.S.C. § 337.

      IT IS THEREFORE ORDERED that Defendants' motion for summary judgment (Doc. 38) is GRANTED, and Plaintiff's amended complaint is DISMISSED WITH PREJUDICE.  Judgment will be entered contemporaneously with this opinion and order.

      IT IS SO ORDERED this 25th day of August, 2023.

      */s/P. K. Holmes, III*
      P.K. HOLMES, III
      U.S. DISTRICT JUDGE